13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Rodolfo RASCON-ORTIZ, Defendant-Appellee.
 No. 93-2122.
 United States Court of Appeals, Tenth Circuit.
 Nov. 16, 1993.
 
 Before: MOORE, FEINBERG* and ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT**
 FEINBERG, Senior Circuit Judge.
 
 
 1
 The United States appeals from an order entered March 26, 1993, in the United States District Court for the District of New Mexico, Howard C. Bratton, J., suppressing evidence found during a border checkpoint stop of Rodolfo Rascon-Ortiz ("Rascon"). Because we find that the border agent obtained Rascon's consent to the search in the course of a permissible brief detention, we reverse the suppression order.
 
 
 2
 In mid-December 1992, Rascon entered a fixed border checkpoint near Alamogordo, New Mexico. Border Patrol Agent David Corp asked Rascon for his citizenship papers. Rascon's alien registration card appeared to be valid. Corp noticed, however, that Rascon's car had temporary Texas registration tags, which appeared to be in order, but did not describe the vehicle or give its identification number or the date of purchase. In addition, Corp believed that the car was unusually clean for a car in rural New Mexico.
 
 
 3
 Corp then asked Rascon his destination. Rascon said he was going to the town of Ruidoso to help a friend move. Rascon did not, however, know where the friend lived or his phone number. After being detained for "a minute or two," as the district court found, Rascon consented to have a specially trained dog sniff his car. After the dog alerted to the car's gas tank, Rascon gave Corp written permission to search the car. The gas tank contained 39 pounds of marijuana.
 
 
 4
 Rascon was indicted for possession, with intent to distribute, of less than 50 kilograms of marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(D). Judge Bratton originally denied Rascon's motion to suppress the marijuana. Thereafter, however, he reconsidered in light of a recent suppression order by another judge of the district court (James A. Parker) in United States v. Chavira, 811 F.Supp. 628 (D.N.M.1993), which also involved a search conducted at the Alamogordo checkpoint.[1] Judge Bratton held, in effect, that once Rascon had produced facially valid immigration documents, Agent Corp had to stop questioning Rascon absent suspicious circumstances, and that the car's temporary tags and unusual cleanliness did not constitute such circumstances.
 
 
 5
 We disagree. Agent Corp was not required to stop questioning once Rascon showed he was a citizen, nor did Corp need suspicious circumstances to justify asking Rascon his destination. After the district court ruled in this case, we made clear that the permissible scope of a routine border checkpoint stop extends beyond a mere inquiry into citizenship. Thus, the district court did not have the benefit of our observation that
 
 
 6
 a few brief questions concerning such things as vehicle ownership, cargo, destination, and travel plans may be appropriate if reasonably related to the agent's duty to prevent the unauthorized entry of individuals into this country and to prevent the smuggling of contraband.
 
 
 7
 United States v. Juan Manuel Rascon-Ortiz, 994 F.2d 749, 752 (10th Cir.1993) (emphasis added). Inquiry as to a motorist's destination and travel plans is reasonably related to the Border Patrol's duties in that it tests the motorist's demeanor and credibility and may indicate whether the motorist is going to a location where smuggling is a problem. Agent Corp's questions to Rascon tested his knowledge of Ruidoso, where he was allegedly going, and the legitimacy of his journey.
 
 
 8
 Thus, Corp's inquiry into Rascon's destination was permissible even in the absence of suspicious circumstances. This inquiry led to Rascon's statement that he did not know where his friend lived or his telephone number. This statement constituted a suspicious circumstance, which justified a brief detention for further questioning. See United States v. Ludlow, 992 F.2d 260, 264 (10th Cir.1993). During this justified detention, Rascon gave the Border Patrol permission to allow a trained dog to sniff the car.[2] When the dog indicated the presence of narcotics, a search revealed the marijuana. Because the search was conducted pursuant to consent obtained during a lawful detention, the drugs found were not subject to suppression. See id., 992 F.2d at 265.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We heard the appeal from the order in Chavira along with the instant appeal. By opinion filed simultaneously with this Order and Judgment, we are reversing the Chavira order as well
 
 
 [2]
 Although consent is not required for a dog sniff of a lawfully detained vehicle even absent "individualized reasonable suspicion," United States v. Morales-Zamora, 914 F.2d 200, 203 (10th Cir.1990), it is required for continued detention beyond the lawful period. In this case Rascon consented to the dog-sniff, and in so doing consented to the resulting brief detention